UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NATHAN JACQUET,

Petitioner,

v.

CHRISTOPHER LAROSE, et al.,

Respondents.

Case No. 3:26-cv-06355-RFL-SBC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Nathan Jacquet filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting immediate release from immigration detention. (Dkt. No. 1.) The government responded to the Petition, stating that the statutory authority to detain Petitioner is 8 U.S.C. § 1225(b)(2). (Dkt. No. 4 at 2.)[1] Respondents acknowledge, however, that "Courts in this district have repeatedly rejected the government's positions in previous cases that are not materially distinguishable from the present petition. Accordingly, the government does not oppose the petition and defers to the Court on the appropriate relief." (*Id.* at 2–3 (footnotes omitted).)

As averred in the Petition, and as Respondents do not dispute, Petitioner, a citizen of Haiti, entered the United States on June 1, 2024, and has been continually present since that time. (*Id.* ¶ 4.) Petitioner was previously released from immigration custody on parole. (*Id.* ¶¶ 3–4.) That release necessarily reflected a determination that Petitioner posed neither a flight risk nor a danger to the community. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025).

[1] All citations to page numbers refer to ECF pagination.

Petitioner then obtained work authorization, valid from July 26, 2024 until May 31, 2026. (Dkt. No. 1 ¶ 30.) His I-213, provided to the Court by Respondents, reflects that Petitioner has no prior immigration violations, no criminal history, and received additional employment authorization that is valid from August 6, 2025 until August 5, 2030. (Dkt. No. 4-1 at 5.) On September 12, 2026, Petitioner was apprehended by Immigration and Customs Enforcement while he was working at a car wash. (Dkt. No. 1 ¶ 33.) He remains in immigration detention at the Otay Mesa Detention Center. (*Id.* ¶ 35.)

Petitioner is detained under 8 U.S.C. § 1225(b)(2). He requested a change in custody status before an immigration judge, and on November 24, 2026, his request was denied in reliance on *Matter of Oseiwusu*, 22 I. & N. Dec. 19 (BIA 1998), for lack of jurisdiction to grant a bond. (Dkt. No. 1 ¶ 31; Dkt. No. 1-4.) He asserts that his detention violates his Fifth Amendment right to procedural due process.[2] For the reasons stated below, the Petition is **GRANTED**.

Petitioner's procedural due process challenge is governed by the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Faizi v. LaRose*, 831 F. Supp. 3d 993, 1001–02 (S.D. Cal. Apr. 24, 2026). This provision applies to "unadmitted aliens entering the United States at the border" and not to "unadmitted aliens present in the interior of the country" like Petitioner. *See Rodriguez Vazquez v. Bostoc*k, 183 F.4th 1160, 1193 (9th Cir. 2026). Respondents argue that *Rodriguez Vazquez* does not apply to Petitioner, but they do not explain why that is the case. (Dkt. No. 4 at 2.) Thus, the *Mathews* factors weigh in favor of finding that Petitioner's re-detention violated his Fifth Amendment right to procedural due process. *See, e.g.*, *Lozano Castano v. LaRose*, No. 26-cv-01747-RBM, 2026 WL 1194854, at *2–3 (S.D. Cal. May 1, 2026). Respondents acknowledge that previous decisions from other judges of this Court have granted petitions for a writ of habeas corpus on similar facts, and "[a]ccordingly, the government does not oppose the petition and defers to the Court on the appropriate relief." (Dkt. No. 4 at 2–3

[2] Because the Petition is granted on this basis, the order does not reach Petitioner's other claims.

(footnotes omitted).)

Upon finding a constitutional violation, a district court "may" grant a writ of habeas corpus and "dispose of the matter as law and justice require." 28 U.S.C. § 2241(a), 2243. Release from detention is the "typical remedy" for "unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The typical remedy is appropriate here to address the due process violations. Furthermore, to ensure that Petitioner's release pursuant to this Order is not "rendered meaningless," it is necessary to enjoin the government from re-detaining Petitioner without due process and a proper justification. *See Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 321 & nn.19–20 (E.D.N.Y. 2025) (collecting cases); *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019). As a result, the relief ordered below falls within the core of habeas. Finally, a permanent injunction is an appropriate remedy here because "the balance of equities and consideration of the public interest" favor protecting Petitioner from detention without notice or a pre-deprivation hearing where the government has already determined that he is not a flight risk nor a danger to the community. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008). The Court, therefore, **ORDERS** as follows:

- Respondents shall immediately release Petitioner, no later than **24 hours** after the filing of this Order. Respondents shall also return all property that had been seized from him. The release shall be on the same terms and conditions as Petitioner's initial release in 2024.
- Respondents shall not re-detain Petitioner: (1) without notice and a pre-deprivation hearing before a neutral decisionmaker in which an individualized determination is made that he poses a flight risk or danger to public safety such that he must be detained; or (2) in the absence of a material change in circumstances justifying his detention.

Petitioner has also requested that this Court award him attorney's fees. (Dkt. No. 1 at 14.) The Court will consider an application requesting reasonable attorney's fees that is filed within 30 days of the entry of judgment. Accordingly, Petitioner's request for attorney's fees is **DENIED WITHOUT PREJUDICE**.

The Clerk of the Court shall enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: November 16, 2026

RITA F. LIN
United States District Judge